**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4499**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BILLY J. SEABOLT,

Defendant – Appellant.

**No. 21-4515**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DARYL G. BANK,

Defendant – Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, Senior District Judge. (2:17-cr-00126-RAJ-LRL-3; 2:17-cr-00126-RAJ-LRL-1)

Submitted: April 27, 2023                                     Decided: May 22, 2023

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF**:  Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Arin Melissa Brenner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant Daryl G. Bank.  Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant Billy Seabolt.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Elizabeth M. Yusi, Assistant United States Attorney, Melissa E. O'Boyle, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee**.**

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a five-week trial, a jury convicted Daryl Bank and his attorney, Billy Seabolt, on numerous charges related to a fraud scheme that involved selling unregistered securities to individuals looking to save for retirement.  Both defendants appeal their convictions. We affirm.

Seabolt contests the sufficiency of the evidence on the six counts of which he was convicted.  In the district court, Seabolt challenged the sufficiency of the evidence on specific counts but not on any of the counts of which he was ultimately convicted.  Thus, Seabolt forfeited his sufficiency challenges on the counts before us on appeal, and we may overturn the verdict only if "a 'manifest miscarriage of justice' has occurred."  *United States v. Miller*, 41 F.4th 302, 315 (4th Cir. 2022) (quoting *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022)).  Seabolt has not shown a manifest miscarriage of justice, so we affirm his convictions.

Bank challenges the admission of three related documents into evidence at trial. Over Bank's objection, the district court admitted the complaint, consent order, and judgment from a civil suit by the Securities and Exchange Commission (SEC) against Bank and some of his companies.  The SEC complaint alleged securities violations related to Bank's cellular spectrum licensing scheme, including that the offerings were unregistered securities, that Bank's representations about the value of the licenses were untrue, and that Bank had misappropriated investor funds.  Without admitting or denying the allegations of the complaint, Bank consented to entry of the judgment which, among other things, permanently restrained and enjoined him from violating securities laws and regulations.

3

Bank also agreed to disgorgement and civil penalties based on the allegations of the complaint. Some of the acts alleged in that complaint overlap with conduct for which Bank was on trial in this case. "We review the district court's admission of this evidence over Appellant's objection for abuse of discretion." *United States v. Ivey*, 60 F.4th 99, 113 (4th Cir. 2023).

The district court concluded that the documents were highly relevant to prove Bank's knowledge and intent and that the documents' probative value was not substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403; *see also United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (explaining that when, as here, evidence "is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly"). Bank's appellate arguments are premised on an assumption that the government or the jury misused these documents to suggest that the SEC's allegations and the subsequent judgment were evidence proving Bank's criminal liability for those acts. But nothing in the record supports that contention, and Bank does not identify any place where the government employed the evidence that way. Moreover, the district court gave limiting instructions setting boundaries on how the jury was permitted to use this evidence. We conclude the district court did not abuse its discretion in admitting these documents.[*]

*AFFIRMED*

---

[*] Bank also asserted a Confrontation Clause challenge in his opening brief based on witnesses wearing masks while testifying at trial. But Bank later acknowledged that the masks were clear, defeating his Confrontation Clause argument on its own terms.

4